UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YURI DIAZ,

      Petitioner,

v.                                                     Case No.: 2:17-cv-102-FtM-38MRM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

      Respondents.
_____/

## **OPINION AND ORDER**[1]

Pending is Petitioner Yuri Diaz's *pro se* 28 U.S.C. § 2254 Petition for Habeas Corpus constructively filed on February 10, 2017.[2] (Doc. 1). Diaz, a Florida prisoner, challenges his judgment of conviction entered by the Twentieth Judicial Circuit Court in and for Collier County in case no. 12-000395-CFA. (*Id.* at 1). Respondent[3] filed a Response to the Petition. (Doc. 8). Respondent concedes that the Petition is timely but submits that Diaz is not entitled to federal habeas relief. (*Id.*). Diaz filed a Reply. (Doc. 15).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Absent evidence to the contrary, the Court must apply the "mailbox rule" and considers a prisoner's pleading filed on the date that he signs, executes, and certifies that he delivered it to prison authorities for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

[3] The Petition names both the Secretary of the Department of Corrections and the Florida Attorney General as Respondents. (*See* Doc. 1 at 1). When a petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfield v. Padilla*, 542 U.S. 426, 435 (2004). Here, the proper respondent is the Secretary of the Florida Department of Corrections. *Id.* The Florida Attorney General thus will be dismissed from this action.

The Court having reviewed the record agrees that the Petition is timely and finds that the pertinent facts are developed in the record. An evidentiary hearing is not warranted. *See* Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court need not hold an evidentiary hearing); *see also* Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318-19 (11th Cir. 2016), *cert. denied*, 137 S. Ct. 2245 (June 12, 2017). Based on a thorough review of the record and controlling precedent, the Court denies the Petition.

## I. Factual and Procedural Background

After a jury trial Diaz was found guilty of: (1) burglary of an unoccupied dwelling unarmed in violation of Florida Statute Section 810.02(3)(b); and (2) grand theft in violation of Florida Statute Section 812.014(2)c. (Ex. 3).[4] The State submitted the following testimony and evidence. On February 20, 2012, at 8:30 p.m., Mr. Swets was returning to his home on 72nd Avenue in Collier County, Florida, when he noticed brake lights at the vacant home located directing across the street from his home. Mr. Swets had an unobstructed view and identified two vehicles: a small black car and a larger white SUV, which he believed was an Explorer or Expedition. He heard voices but could not make out any conversation, however he distinctly heard "what sounded like metal pipe" being dropped on concrete. He watched the car leave first, followed five minutes later by the white SUV. He saw the vehicles turn south toward Everglades. He saw two people in the white SUV, a driver and passenger. Because he knew the house was vacant, he called 911. The 911 call was introduced into evidence.

---

[4] The Court will cite to the paper record filed by Respondent (Doc. 9) as "Ex. _."

Corporal Weigan, who was patrolling near the area, was dispatched to look for a white SUV. While traveling northbound on Everglades, he saw a white SUV heading southbound near 58th Avenue and conducted a traffic stop at 52nd Avenue and Everglades. Two individuals were in the SUV, Diaz being in the passenger seat. When Weigan approached the SUV he saw a white stove in the cargo portion of the vehicle. Corporal Long arrived approximately five minutes later, eventually he saw the stove in the cargo area of the SUV and engaged Diaz in a conversation. Long's conversation with Diaz was recorded on the patrol car's in car video camera. The video recording was introduced into evidence and published for the jury. Diaz is heard stating that they came from Miami and bought the stove "for like $200" and were travelling from Miami on I-75 to Pine Ridge Boulevard to Diaz's nephew's house. Diaz confirmed to Long he purchased the stove in Miami. Long told Diaz his story made little sense given their location and statements they were heading to Pine Ridge. Long indicated on maps introduced into evidence the location of the vacant home, the location of the traffic stop, Pine Ridge Boulevard and I-75 leading from Miami. The traffic stop was located approximately 20-25 minute drive from Pine Ridge.

An investigator with the Collier County Sheriff's Office, Brian Clervoix also arrived at the traffic stop and saw the stove in the cargo area. Clervoix then proceeded to the residence and noticed the back sliding door was ajar. No stove was at the residence. The home and stove were processed for fingerprints and forensic evidence by Kimberly Costa. Costa obtained latent prints from the oven door and handle and they matched Mr. Edward Yurel, the driver of the SUV, not Diaz. Pictures she took of the home, which were admitted into evidence, depicted the screed door to the back lanai in an open position, a

fence gate in the backyard to the home in an open position, and the sliding door in the rear of the home in an open position. A picture from the kitchen area was also admitted into evidence that depicted a vacant spot where an appliance could belong. A picture of the stove in the back of the white SUV was also admitted into evidence.

Mr. Hamm, the owner of the residence, testified he purchased the home in July 2004. He and his family lived in the home until December 2010. The home was vacant and he last visited the home to do grass maintenance and check on it the first weekend in February. A Kenmore glass top white stove was in the home. The stove was in good condition and working when he moved out. Hamm could not recall what he paid for the stove but is his opinion the stove was worth $400. Hamm identified the stove in the back of the white SUV at the traffic stop as being his stove. Hamm still had the manual for the stove with the model number. He noticed scratches on the stove and the bottom drawer would not close. The stove did not have scratches or problems with the drawer when it was in the home. He assisted the deputies taking the stove out of the car and it took three to lift the stove out of the SUV and place it in the garage. Clervoix also testified that due to its weight, it took three individuals to remove the stove from the SUV. Hamm did not know Yucel or Diaz and gave no one permission to remove the stove. At the close of the State's case, Diaz moved for a judgment of acquittal based on Florida's circumstantial evidence rule. The trial court, after argument from the State, denied the motion.

Diaz filed a timely notice of appeal raising two issues:

(1) The trial court erred in denying the motion for judgment of acquittal where circumstantial evidence was insufficient to support the conviction for burglary or an unoccupied dwelling and grand theft.

(2) There was insufficient evidence to prove value and essential element of grand theft.

(Ex. 5). Appellate counsel raised and argued both issues on appeal only in terms of state law. (*Id.*). After Answer from the State (Ex. 6), Florida's Second District Court of Appeal (DCA) *per curiam* affirmed Diaz's judgment and sentence. (Ex. 7). Diaz filed a state petition for writ of habeas corpus claiming ineffective assistance of appellate counsel for failing to cite to any federal law is support of his two grounds raised on direct appeal. (Ex. 9). The Second DCA denied the state petition. (Ex. 10). Relevant for timely purposes only, Diaz additionally filed a Rule 3.850 motion and appealed the denial of his Rule 3.850 motion. (Ex. 11). After Answer from the State (Ex. 12), the Second District Court of Appeal *per curiam* affirmed the denial. (Ex. 13).

The Petition raises two grounds (restated) for relief: (1) appellate counsel was constitutionally ineffective for failing to federalize Petitioner's claim on appeal that the evidence was insufficient to support the conviction for burglary of an unoccupied dwelling and grand theft; and (2) appellate counsel was constitutionally ineffective for failing to establish insufficient evidence to prove the element of value for grand theft. (Doc. 1 at 4, 8). In his reply, Diaz appears to raise a claim of actual innocence. *See* Doc. 15 at 9. The Court recognizes it must address and resolve all claims for relief raised in a habeas petition regardless of whether habeas relief is granted or denied. *See Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (*en banc*); *see also Gay v. United States*, 816 F.2d 614, 616 n. 1 (11th Cir. 1987). However, arguments and claims raised for the first time in a reply brief are not properly before the Court. *See Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005). Further, any attempt to amend the Petition to

5

include this additional claim would now be time barred. The Court limits its Opinion and Order to the two grounds raised in the Petition.

## II. Applicable Habeas Law

### A.  AEDPA

The Antiterrorism Effective Death Penalty Act ("AEDPA") governs a state prisoner's habeas petition for federal relief. 28 U.S.C. § 2254. Relief may not be granted regarding a claim adjudicated on the merits in state court unless the adjudication of the claim:

>   (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. *Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008). A state court's violation of state law is not sufficient to show that a petitioner is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 16 (2010).

"Clearly established federal law" consists of the governing legal principles set forth in the decisions of the United States Supreme Court when the state court issued its decision. *White*, 134 S. Ct. at 1702; *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). Habeas relief is appropriate only if the

state court decision was "contrary to, or an unreasonable application of," that federal law. 28 U.S.C. § 2254(d)(1). A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown v. Payton*, 544 U.S. 133, 134 (2005); *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 529 U.S. at 406). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "[T]his standard is difficult to meet because it was meant to be." *Sexton v. Beaudreaux*, 585 U.S. ___, 138 S. Ct. 2555, 2558 (2018) (*quoting Harrison*, 562 U.S. at 102, 131 S. Ct. at 786 (quotation marks omitted)).

Finally, when reviewing a claim under § 2254(d), a federal court must remember that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1*)*; *Burt v. Titlow*, 134 S. Ct. 10,

7

15 (2013) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.") (quoting *Wood v. Allen*, 558 U.S. 290, 293 (2010)). *See also Morrow v. Warden*, 886 F.3d 1138, 1146 (11th Cir. 2018) (the court must presume that the State court's determination of a factual issue is correct, and petitioner must rebut presumption by clear and convincing evidence).

> B. **Exhaustion and Procedural Default**

AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of relief available under state law. Failure to exhaust occurs "when a petitioner has not fairly presented every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Pope v. Sec'y for Dep't of Corr.,* 680 F.3d 1271, 1284 (11th Cir. 2012) (internal quotation marks and brackets omitted). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). Respondent appears to concede Petitioner exhausted both grounds. (*See* Doc. 8 at 16-17). As more fully set forth *infra*, the Court agrees Petitioner exhausted his claims before the Court.

> C. **Ineffective Assistance of Appellate Counsel**

In *Strickland v. Washington*, the Supreme Court established a two-part test for determining whether a convicted person may have relief claiming his counsel rendered ineffective assistance. 466 U.S. 668, 687-88 (1984). A petitioner must establish that counsel's performance was deficient and fell below an objective standard of

8

reasonableness and that the deficient performance prejudiced the defense. *Id.* This is a "doubly deferential" standard of review that gives both the state court and the petitioner's attorney the benefit of the doubt. *Burt*, 134 S. Ct. at 13 (*citing Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011)). The *Strickland* standard applies to claims of ineffective assistance of appellate counsel. *Corales-Carranza v. Sec'y, Fla. Dep't of Corr.,* 786 F. App'x 053, 957 (11th Cir. 2019); *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Appellate counsel need not raise every nonfrivolous claim on appeal. *See Jones v. Barnes*, 463 U.S. 745 (1983); *see also Eagle v. Linahan*, 279 F.3d 926, 940 (11th Cir. 2001)( "[T]he Sixth Amendment does not require appellate attorneys to press every non-frivolous issue that the client requests to be raised on appeal, provided that counsel uses professional judgment in deciding not to raise those issues." (citations omitted)). The *Jones* Court underscored the importance of sorting out weaker arguments for stronger ones.

> Most cases present only one, two, or three significant questions . . . . Usually, . . . if you cannot win on a few major points, the others are not likely to help, and to attempt to deal with a great many in the limited number of pages allowed for briefs will mean that none may receive adequate attention. The effect of adding weaker arguments will be to dilute the force of the stronger ones.

*Jones v. Barnes*, 463 U.S. at 752 (citations omitted).

The Court recognized it is possible to bring a *Strickland* claim based on appellate counsel's failure to raise a particular claim, but demonstrating incompetence is difficult. *Robbins,* 528 U.S. at 288. "'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id.* (citation omitted). To demonstrate prejudice, the petitioner

must demonstrate a reasonable probability that, but for his counsel's failure to brief the particular issue, petitioner would have prevailed on the issue on appeal. *Id.* at 285. If petitioner demonstrates that the omitted claim would have had a reasonable probability of success on appeal, then appellate counsel's performance resulted in prejudice. *Heath v. Jones*, 941 F.2d 1126, 1132 (11th Cir. 1991).

### III. Analysis

**A. Ground One: Appellate counsel was constitutionally ineffective for failing to federalize Petitioner's claim on direct appeal that the trial court erred in denying defendant's motion for judgment of acquittal, *i.e.* evidence was insufficient to support the conviction for burglary of an unoccupied dwelling and grand theft.**

As noted in the procedural history set forth above, on direct appeal, counsel assigned error to the trial court for denying defendant's motion for judgment of acquittal because insufficient circumstantial evidence supported a conviction for burglary of an occupied dwelling and grand theft under Florida law. Both Diaz and the State in response cited only to Florida law to support their respective arguments. The Second DCA affirmed Diaz's conviction and sentence. Diaz then filed a state habeas petition claiming appellate counsel was ineffectiveness for failing to federalize this claim, which the Second DCA denied without opinion.

The Court finds Petitioner exhausted the two grounds alleging ineffectiveness of appellate counsel by raising them in his State habeas petition. (Doc. 9). The record reflects the Second DCA denied the petition without opinion or response by the State on May 8, 2015 (Doc. 10). The Second DCA's silent denial constitutes an "adjudication" for purposes of § 2254. *Harrington*, 562 U.S. 98-99. Thus, the decision is entitled to deference under § 2254(d) because "the summary nature of a state court's decision does

10

not lessen the deference that is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir. 2002); *see also Richter*, 562 U.S. at 99.

Diaz asserts appellate counsel should have federalized his ground on direct appeal because the trial court's denial of his motion for acquittal based on insufficiency of the evidence was contrary to *Jackson v. Virginia*, 443 U.S. 307 (1979) and violated his Fifth and Fourteenth Amendment rights. (Doc. 1 at 7). In response, Respondent argues that the Florida courts apply the same standard so federalizing his claim would not have resulted in a different outcome. (Doc. 8 at 11-12). Contrary to Respondent's understanding, in a circumstantial evidence case, the "Florida rule and the federal rule are significantly different." *Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F. 3d 449, 463 (11th Cir. 2015).

Based upon a thorough review of the State record, however, Diaz has not demonstrated he is entitled to federal habeas relief. When reviewing a claim for sufficiency of the evidence on federal habeas review, this Court must view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319 ("The [only] relevant question is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."). Under *Jackson*, federal courts look to state law for the substantive elements of the offense. *Coleman v. Johnson*, 566 U.S. 650 (2010). Thus, unlike Florida's heightened burden of proof in a circumstantial case, the federal sufficiency of the evidence standard in *Jackson* does not require that cases turning on circumstantial

evidence exclude every reasonable hypothesis of innocence. *Jackson*, 443 U.S. at 324; *see also Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F. 3d 449, 463 (11th Cir. 2015) (the prosecution does not have a "an affirmative duty to rule out every hypothesis of guilt except that of guilt beyond a reasonable doubt") (citations omitted). Although Florida courts apply the *Jackson* standard to resolve regular sufficiency claims, *see e.g. Pagan v. Florida*, 830 So. 2d 792, 803 (Fla. 2002), Florida applies a "special standard of review of the sufficiency of the evidence" where "the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of guilt." *Thorp v. State*, 777 So. 2d 385, 389 (Fla. 2000) (citations and internal quotations omitted); *see also State v. Law*, 559 So. 2d 187, 188 (Fla. 1989)(motion for acquittal should be granted in circumstantial evidence case if the State fails to present evidence from which jury can exclude every reasonable hypothesis except that of guilt).

Unlike on direct appeal, in his state habeas petition, Diaz specifically cited to *Jackson* to support both grounds for relief. Thus, the Court must assume the Second DCA rejected his claim based on federal law. "*Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." *Coleman*, 566 U.S. at 651. First, on direct appeal the Court defers to the jury to decide what conclusions should be drawn from the evidence. *Ibid.* Second, on federal habeas review, the Court may not overturn a state court decision that rejected sufficiency of the evidence claims simply because the Court may disagree with the state court. *Ibid.* Instead, this Court may grant federal habeas relief only if the state court decision was "objectively unreasonable." *Ibid.* (citations omitted).

The Court finds that Diaz cannot overcome the first *Strickland* standard—deficiency. Arguably appellate counsel raised Diaz' claims under Florida's circumstantial rule because it was more favorable to Diaz and required the State to demonstrate a higher burden—eliminate every reasonable hypothesis of innocence.

Alternatively, Diaz cannot show he was prejudiced by appellate counsel's failure to federalize his claims for relief on direct appeal because Diaz cannot show no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Florida law defines burglary as "[e]ntering a dwelling, structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter." Fla. Stat. § 810.02(1)(b). Burglary constitutes a second degree felony when the defendant enters an unoccupied dwelling. *Id.* § 810.02(3)(b).

Diaz appears to suggest that the State produced no evidence of his guilt other than he was an innocent passenger in the white SUV. The State introduced the following unrebutted evidence: when the vacant home was examined by investigator they found the rear fence door, lanai door and rear sliding door to the vacant home open; an appliance was missing from the kitchen of the vacant home; the owner of the property did not permit Diaz or anyone to enter or remove anything from his vacant home; the owner of the vacant home testified that the stove was worth $400; a white SUV with two occupants was seen in front of the vacant home and a sound like a metal pipe dropping was heard; a white SUV matching the description was stopped within proximity of the vacant home; there were two occupants in the SUV, the driver and Diaz as the passenger; Diaz admitted to Officer Long he had purchased the stove in Miami which demonstrated

he had possession of stolen property; pictures of the oven in the back of the SUV showing it laying on its side; the owner of the vacant home identified the stove in the SUV as his property and the stove matched the model number of the manual he owned; testimony it took three men to unload the stove from the back of the SUV.  Analyzing whether the evidence was sufficient under the Due Process Clause does not require the state to "rule out" every possible hypothesis of innocence—and "[w]hen the record reflects facts that support conflicting inferences, there is a presumption that the jury resolved those conflicts in favor of the prosecution and against the defendant." *Johnson v. Alabama*, 256 F.3d 1156, 1172 (11th Cir. 2001) (citing *Jackson*, 443 U.S. at 326).  Because of this evidence, the state court concluded that a rational trier of fact could have found beyond a reasonable doubt that Diaz committed the offense of burglary of an unoccupied dwelling and grand theft.  Thus, the Court finds that Diaz cannot meet the prejudice prong of *Strickland* had appellate counsel federalized his grounds on direct appeal.

The Court finds that Diaz has not demonstrated that the state court's adjudication of this claim is contrary to or an unreasonable application of the *Strickland* two-part test. Diaz is not entitled to federal habeas relief on Ground One.

> B. **Ground Two: Appellate counsel was constitutionally ineffective for failing to federalize Petitioner's claim on direct appeal that there was insufficient evidence to prove "value," an essential element of the crime of grand theft.**

Petitioner argues the State failed to present sufficient evidence as to the value of the stove to prove grand theft and appellate counsel was ineffective for failing to federalize his claim there was insufficient evidence submitted by the State to prove "value." Doc. 1 at 8.  Petitioner exhausted this claim and the Second DCA's summary affirmance is an

adjudication on the merits entitled to deference under 28 U.S.C. § 2254(d). *Richter*, 562 U.S. at 99.

Under *Jackson*, federal courts must look to state law for the substantive elements of the offense, but to federal law for determining whether the evidence was sufficient under the Due Process Clause. *Coleman*, 566 U.S. 650 (2012). In Florida, a conviction for third degree felony grand theft requires the State to prove beyond a reasonable doubt that the defendant stole property valued at $300 or more, but less than $5,000. Fla. Stat. § 812.014(2)(c) 1 (2011). "Value means the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense." Fla. Stat. § 812.012(10)(a) 1 (2001). "Value may be established by direct testimony of fair market value . . . ." *Smith v. State*, 955 So. 2d 1227, 1228 (Fla. 5th DCA 2007); *Pickett v. State*, 839 So. 2d 860, 861 (Fla. 2d DCA 2003). Under Florida law, "one's competency to testify as to the value of stolen property is not so much a question of whether he owns the stolen property as it is a question of his personal knowledge of the property." *Taylor v. State*, 425 So. 2d 1191, 1193 (Fla. 1st DCA 1983) (citation omitted). "[A]n owner is generally presumed as competent to testify to the value of his stolen property." *Id.* "The apparent rationale for this rule is that an owner necessarily knows something about the quality, cost, and condition of his property." *Id.* However, the owner "must be shown to have personal knowledge of the property." *Id.*

Mr. Hamm testified he owned the stove and testified that the stove was worth $400.00 when it was taken. Mr. Hamm had "personal knowledge of the property"

15

because he still had the manual for the stove with the model number, and he specifically recalled it was in the home when he last inspected the home during the first week of February. He further testified it was working when he moved out of the home in 2010.

Under Florida law, Mr. Hamm, as the owner of the stove, was competent to testify as to the value of the stove, and his testimony regarding the value of the stove alone established that the total value of the stolen property exceeded $300.00. See *Pickett v. State*, 839 So. 2d 860, 861 (Fla. 2d DCA 2003) (to establish theft, "[v]alue may be established by direct testimony of fair market value . . . .") (citation omitted).

Based on the trial court's findings and the evidence, fair-minded jurists can concur in the state court's determination that, viewing the evidence in the light most favorable to the State, a rational juror could conclude beyond a reasonable doubt that the value of the stove was over $300 when Diaz stole it. Because the State sufficiently proved that the value of the stolen stove was over $300, the Second DCA's rejection of this claim was not contrary to and did not involve an unreasonable application of the *Jackson* standard. Nor was the decision based on an unreasonable determination of the facts. Petitioner cannot meet either prong of *Strickland* to demonstrate appellate counsel was ineffective for failing to federalize his regarding the value of the property. Thus, the Court finds Petitioner is not entitled to federal habeas relief on Ground Two.

## DENIAL OF CERTIFICATE OF APPEALABLITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must

first issue a certificate of appealability (COA). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citations omitted). Petitioner has not made the requisite showing here and may not have a certificate of appealability on either ground of his Petition.

Accordingly, it is hereby **ORDERED**:

1. The Florida Attorney General is **DISMISSED** as a named Respondent.

2. Petitioner's Writ of Habeas Corpus (Doc. 1) is **DENIED.**

3. Petitioner is **DENIED a certificate of appealability**.

4. The **Clerk of Court** will moot any pending motions, enter judgment and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida this 11th day of February, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

17